HEARD NOVEMBER TERM, 1879.

CASE No. 777.

M. P. LAKE v. J. P. MOORE ET AL.

1. The time for giving notice of appeal from a judgment filed in vacation, begins to run from the receipt of written notice of the judgment, notwithstanding actual notice, as by reading the original decree, previously had.
2. The burden of proving that irregularities were committed in preparing an appeal, is upon the party alleging them.

Motion to dismiss appeal.

The decision of FRASER, J., was filed in the clerk's office May 23d, 1879, which was during vacation. Defendants' attorney read it same day and directed notice of it to be served on attorney for plaintiff, which was done. Subsequently defendants' attorney obtained a copy of the decision from the deputy clerk of the court. Afterwards, on July 26th, defendants gave notice of appeal. This was a motion by plaintiff to dismiss the appeal.

*Messrs. Earle, Wells & Westmoreland,* for motion.

*Mr. A. Blythe,* contra.

December 11th, 1879. The opinion was delivered

PER CURIAM. The respondent asks the dismissal of the appeal on the ground that the notice of appeal was not given in due time. It appears that the judgment appealed from was filed in vacation, and that no notice, in writing, was given to the appellant of its entry. It is contended, however, that the appellant had actual knowledge of the judgment, having seen and read it in the office of the clerk. This was not ground sufficient to put the statute laws for appealing in currency in the case of a judgment entered in vacation. The object of the notice is to apprise the appellant that the respondent intends to insist on an appeal within the time fixed by law, and unless such notice is

given the appellant is unrestricted as it regards the time within which an appeal may be taken.

The respondent alleges that the case was not served within thirty days after notice of appeal was given. The motion papers contain no proof of this fact, and as the burden of proof is on the party moving upon the ground of irregularity, the matter charged must be regarded as unproved.

The motion must be dismissed.